# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cr-00091 |
| | ) | |
| LUIS NATHAN HERNANDEZ JR., | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Hernandez, a 48-year-old registered sex offender, sexually exploited a uniquely vulnerable elementary-school aged child repeatedly over the course of several years. He photographed MV#1 fully nude while alone at his residence in 2022-23, posing the child on a bed to capture exceedingly lascivious displays. He performed sex acts on the child. He caused MV#1 to create sexually explicit images of herself and send them to him in March 2024. And Hernandez downloaded from the internet and possessed CSAM videos and photos depicting some of the worst-of-the-worst sexual abuse of young girls.

Simply put, Hernandez is a dangerous predator. His conduct is horrific. It was repeated and did permanent, incalculable damage to a vulnerable child. This Court should sentence him to at least 45 years (540 months) in prison with a lifetime term of supervised release to follow.

# SENTENCING CALCULATION, OBJECTIONS, OTHER MATTERS

## A.     Guidelines Calculation, Restitution, and Other Matters

There are no factual disputes relating to the PSR that impact the guidelines calculation. All parties agree with the guidelines calculation set out in the PSR: total offense level 39 with a criminal history category V, 360 months to life in prison[1]. The guideline becomes 360-600 months (30 to 50 years) because the statute of conviction caps the sentence at 50 years. The government requests that the PSR be corrected to reflect one criminal history point in paragraph 55. (See PSR Addendum at p. 63, upholding government's objection and finding this conviction scoreable). Additionally, USPO added one point to paragraph 53, when no point was scored in the initial PSR. This appears to be inadvertent.

A mandatory minimum of 300 months (25 years) and statutory maximum of 600 months (50 years) applies.

The government agrees that the supervised release condition in PSR paragraph 134 should be more narrowly tailored. (See Deft. Sentencing Memo, R. Doc. 45, p. 3.) The condition could be tailored to prohibit contact (direct or indirect) with the victim or victim's immediate family without prior permission from the USPO.

---

[1] A Guidelines oddity results in a TOL of 39. Because Hernandez committed the instant offense after sustaining a sex offense conviction, §4B1.5(a) applies. As a result, he is bumped up to criminal history category V instead of III. But, due to his prior sex conviction, Hernandez entirely avoids a five-level enhancement under §4B1.5(b) for engaging in a pattern of prohibited sexual conduct. In short, because Hernandez has a prior sex offense conviction, he is Total Offense Level (TOL) 39 at CH V (ordinarily 360-life). Without that conviction, he would be TOL 44 (capped at 43)—resulting in an advisory range of Life. To be sure, Hernandez' prior conviction increases the statutory penalties associated with his charges. But, absent the heightened statutory penalties, the government would have insisted Hernandez plead to multiple counts, including the §2260A charge.

Considering the significant restitution Defendant will be ordered to pay to the numerous victims, the government will not ask the Court to impose the $50,000 Section 2559A special assessment. The government believes Defendant has met his burden to show indigency; the government will not seek the $5,000 Section 3014 special assessment. The government is not seeking a fine. The government is focused on appropriate restitution.

The National Center for Missing and Exploited Children (NCMEC) identified 598 files of known victims from 71 different series. (PSR ¶ 30.) Nine series victims have requested restitution. (PSR ¶ 31.) Last week the government provided the Court with a binder that included each restitution request and related documentation provided by the victim. These materials were previously provided to Defense counsel. The government will file some of these materials under seal as proposed sentencing exhibits so they are part of the record should the restitution order be appealed. Defendant agrees that restitution should be ordered to all the victims, but he objects to any amount over $3,000 per victim. The government does not believe that all nine victims who have submitted restitution requests should be limited to the mandatory minimum $3,000. The Court should grant restitution to the nine requestors as it determines appropriate under 18 U.S.C. Section 2259. The government recommends granting $3,000 to each victim who requested $3,000. For victims who requested higher amounts, the Court's decision as to restitution should meaningfully account for the number of files Defendant possessed of the series.

## B. The defendant engaged in sexual intercourse with MV#1.

Hernandez objects that "sexual intercourse" occurred with MV#1. (Deft. Sent Memo at p. 2; Deft. Obj. to PSR, at R. Doc. 41, ¶ 3.) His narrowly tailored objection and sentencing position concedes that Hernandez engaged in sex acts (other than "intercourse") with MV#1 on multiple occasions at his residence. (See PSR ¶ 20.) Of course, he must concede that he engaged in "hands-on" sex acts because he recorded himself performing oral sex on a prepubescent minor female who is either MV#1 or a different, undetermined prepubescent female. (PSR ¶ 22(i).) Police found those images. To deny that he engaged in sex acts with MV#1 would be to admit that the images of oral sex showed him abusing a second young girl. Although there are no images documenting intercourse with MV#1, there is abundant uncontested information in the sentencing record for this Court to find—by a preponderance of the evidence—that Defendant engaged in sexual intercourse with MV#1.[2]

To start, MV#1 told authorities that intercourse occurred. (PSR ¶ 20.) To be sure, MV#1 didn't use the word "intercourse"; no elementary-aged child would. But MV#1 very specifically described the abuse, including a description of what clearly amounts to intercourse. (See PSR ¶ 20(b)(i).)

---

[2] This factual question does not impact the guidelines. And a very lengthy sentence is necessary no matter the answer. Nonetheless, the government respectfully asks that this Court resolve this factual dispute even if the Court's ultimate sentence would be the same no matter how the dispute is resolved.

But we need not rely on MV#1's description alone. This is far from a "she said, he denies" situation. Substantial uncontested information in the record shows it is probable that Defendant engaged in intercourse with this young child.

First, Defendant was a registered sex offender throughout the entire time he exploited MV#1. (PSR ¶¶ 52, 54-55; Plea Agreement, ¶ 8(c)(iii), at R. Doc. 32.)

Second, Defendant got MV#1 completely nude on multiple occasions while he was alone with her at his residence. (PSR ¶¶ 14(a), 22; Plea Agreement ¶ 8(c)(i).) Defendant posed MV#1 lasciviously exhibiting her bare genitals; he photographed or recorded her. (Id.) He did so on multiple occasions. (Id.) She was displayed for him on a bed. (Id.)

Third, on March 31, 2024, Defendant texted with MV#1. (PSR ¶¶ 15-16.) Defendant requested MV#1 create sexually explicit images of herself and send them to Defendant. MV#1 did so. Defendant's requests were clearly for his sexual gratification. His very explicit, specific requests—and the words they used in the exchange—are indicative of a sexual familiarity, including vaginal penetration. Moreover, when Defendant asked, "What would you do if I was there", MV#1 replied, "I will have sex with you". That response is unlikely to come from such a young child unless sex had previously occurred.

Fourth, Defendant also had an extensive collection of CSAM depicting other prepubescent girls. (PSR ¶¶ 23-27.) His sexual interest—and collection—was not just focused on prepubescent girls. Rather it was focused on those girls being graphically penetrated by adult penises. (See, e.g., PSR ¶¶ 24(i)-(iii), 27(ii)-(iii)).

5

Together, these layered facts and circumstances well-support a finding that Defendant's conduct included intercourse. Defendant had the interest. And he had the opportunity. Defendant's unsupported, self-serving claim that he has been completely impotent since 2020 is uncompelling.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 540 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to sentence the Defendant based upon an advisory range of 360 months to 600 months. The government recommends a 540-month sentence.

Defendant's offense conduct is of the most serious kind. He repeatedly sexually abused a young child. He also exploited that child by producing child pornography of her. He did this over the course of years while he was in a custodial

6

position of trust.  The damage that Hernandez has caused cannot be overstated.  Additionally, Hernandez possessed additional prepubescent child pornography.  Among his collection was the worst-of-the-worst.

Hernandez is an extreme danger to children.  His history makes that crystal clear.  He sexually exploited another young family member decades ago.  He has been convicted of several sex offender registration violations.  Yet he has escalated his predatory behavior nonetheless—with immeasurable consequences to MV#1.

A sentence of 540 months is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public and this victim from his further crimes.

## CONCLUSION

This Court should sentence the Defendant to 540 months (45 years) followed by a lifetime term of supervised release.

    Respectfully submitted,

    Richard D. Westphal
    United States Attorney

By:  */s/ Adam J. Kerndt*
    Adam J. Kerndt
    Assistant United States Attorney
    Neal Smith Federal Building
    210 Walnut Street, Suite 455
    Des Moines, IA 50309
    Tel: (515) 473-9300
    Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means


UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt
      Assistant U.S. Attorney